**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X Case No.
ANDREA STEWART, on behalf of herself
individually and all others similarly situated,

                                                               Plaintiff,

                                                                                     **CLASS ACTION**
              -against-                                                         **COMPLAINT**

CREDIT BUREAU COLLECTION SERVICES, INC.
d/b/a CBCS,

                                                             Defendant.
------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

INTRODUCTION

       1.     That this is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

       2.     That, further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. That this Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. That this Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. That plaintiff is a natural person who resides in this District.

6. That plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. That the financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred for personal, family or household purposes to AT&T Mobility.

8. That plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. That defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. That defendant uses the mail and other instrumentalities of interstate commerce in its business which is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

11. That the principal purpose of defendant's business is the collection of debts within the meaning of 15 U.S.C. § 1692a(5).

12. That defendant regularly collects or attempts to collect such debts which are owed or due or asserted to be owed or due to others.

13. That upon information and belief, defendant is a foreign business corporation incorporated in Ohio.

## FACTUAL ALLEGATIONS

14. That plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That at some point in time, plaintiff allegedly incurred a certain debt for personal or family purposes to AT&T Mobility.

16. That at some subsequent point in time AT&T alleged that the debt fell into default.

17. That subsequent to the default defendant sent a collection letter to plaintiff.

18. That the collection letter sent by defendant to plaintiff is dated June 18, 2012.

19. That defendant wrote the letter dated June 18, 2012 to plaintiff in an attempt to collect the debt on behalf of AT&T.

20. That defendant's letter states, in pertinent part:

"Principal Balance         $817.84
 Collection Fee            $147.21
 Total Due                 $965.05"

## AS AND FOR A FIRST CAUSE OF ACTION

### FDCPA §§ 1692e(2)(A), 1692e(2)(B), 1692e(10) and 1692f

21. That plaintiff re-alleges paragraphs 1-20 as if fully re-stated herein.

22. That in its letter dated June 18, 2012 defendant stated that the amount of the debt is a total of $965.05.

23. That this total amount includes a "Collection Fee" of $147.21.

24. That, on information and belief, defendant has a contingency fee arrangement with AT&T.

25. That, pursuant to the contingency fee arrangement, AT&T does not pay defendant a collection fee for any account regarding which defendant fails to collect.

26. That, in other words, if defendant does not get the consumer to pay the debt, AT&T does not pay defendant a collection fee.

27. That the fee arrangement between defendant and AT&T was therefore not a pre-paid, flat fee arrangement.

28. That defendant sent its letter to plaintiff pursuant to the contingency fee arrangement between defendant and AT&T.

29. That at the time defendant sent its letter to plaintiff, defendant had not charged AT&T a collection fee in the amount of $147.21.

30. That at the time defendant sent its letter to plaintiff, AT&T had not charged plaintiff a collection fee in the amount of $147.21.

31. That at the time defendant sent its letter to plaintiff, plaintiff did not owe AT&T a collection fee in the amount of $147.21.

32. That at the time defendant sent its letter to plaintiff, defendant knew that plaintiff did not owe AT&T a collection fee of $147.21.

33. That at the time defendant sent its letter to plaintiff, defendant knew that plaintiff did not owe defendant a collection fee of $147.21.

34. That defendant's inclusion of the amount of $147.21 into the total debt amount stated in its letter reflects the addition of a fee or charge to a debt before said fee or charge is actually incurred.

35. That no agreement between plaintiff and AT&T authorizes defendant to add a collection fee into the total amount of the debt before plaintiff pays the debt.

36. That plaintiff had no agreement with defendant.

37. That defendant's inclusion of said amount of $147.21 into the debt amount is therefore a false, deceptive and misleading representation or means used in an attempt to collect the debt, in violation of the FDCPA, §§ 1692e and 1692e(10).

38. That defendant's inclusion of said amount of $147.21 into the debt amount is also a false representation of the amount of the debt, in violation of the FDCPA, § 1692e(2)(A).

39. That defendant's inclusion of said amount of $147.21 into the debt amount is also a false representation of compensation which may be lawfully received by defendant for the collection of the debt, in violation of the FDCPA, § 1692e(2)(B).

40. That defendant's inclusion of said amount of $147.21 into the debt amount also constitutes an unfair and an unconscionable means used by defendant in an attempt to collect the debt, in violation of the FDCPA, § 1692f.

## AS AND FOR A SECOND CAUSE OF ACTION

## NYGBL § 349

41. That plaintiff re-alleges paragraphs 1 to 40 as if fully re-stated herein.

42. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

43. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

44. That the collection letter defendant sent to plaintiff is a mass-mailed form letter used by defendant.

45. That each year defendant sends its form collection letter with the language about the addition of an unlawful collection fee to thousands of consumers within New York State, similar to the one it sent to plaintiff.

46. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

47. That plaintiff suffered feelings of emotional anxiety, stress, distress irritability, confusion and sleeplessness upon her receipt of defendant's collection letter informing her that defendant had added almost $150 in collection fee to the debt balance.

48. That defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

49. That plaintiff re-alleges paragraphs 1-48 as if fully re-stated herein.

50. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the collection letter dated June 18, 2012; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10) and 1692f. The class does not include defendant or persons who are officers, directors or employees of defendant.

51. The class shall be defined as follows:

*All natural persons residing in the State of New York to whom defendant sent a collection letter on behalf of AT&T Mobility concerning a consumer debt, which collection letter contains a demand for payment of an amount which includes a collection fee.*

52. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by including an unauthorized collection fee into the amount of the debt, in violation of the FDCPA, §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10) and 1692f.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

53. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

56. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(e) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) statutory damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(h) actual damages pursuant to NYGBL § 349 in an amount to be determined at the time of trial;

(i) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      May 14, 2013.

                                                                 /s/ Novlette R. Kidd
                                                  NOVLETTE R. KIDD, ESQ.
                                                  FAGENSON & PUGLISI
                                                  Attorneys for Plaintiff
                                                  450 Seventh Avenue, Suite 704
                                                  New York, New York 10123
                                                  Telephone: (212)268-2128
                                                  Nkidd@fagensonpuglisi.com